UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **Maninder Singh** | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | |
| | : | PLAINTIFFS COMPLAINT |
| **Kristi Noem, as Secretary of Department of Homeland Security, Kika Scott, Director of United States Citizenship & Immigration Services, Terri Robinson, Director of the National Benefit Center United States Citizenship and Immigration, Susan Dibbins, Chief Administrative Appeals Office United States Citizenship and Immigration Services, Michael Borgan, Acting District Director New York City USCIS** | : : : : : : : : : | FOR INJUNCTIVE DECLARATORY RELIEF |
| **Defendants** | : : | |

## INTRODUCTION

1. Plaintiff, Maninder Singh, bring this action under the Administrative Procedure Act ("APA to challenge the unlawful denial of his petition for Special Immigrant Juvenile Status ("SIJS") status.

2. Plaintiff is an applicant for Special Immigrant Juvenile Status classification. Plaintiff has sought to seek an immigrant benefit by being granted SIJS status, which would allow him to apply for lawful permanent resident. However, despite submitting the required documentation including the predicate order from the Family Court, the Defendants have unlawfully denied Plaintiff SIJS application, stating, the (i) that the order from the Family court does not cite state law, (ii) the Family Court did not have jurisdiction over the Plaintiff alleging at the time the

Court made its determination, Plaintiff was were over the age of 21, and ( iii) questioning the Family Court authority in the applying New York law including the Court's best interest determination .

As a result of the Defendants' failure to abide by the law, which is inconsistent with properly promulgated regulations and with the statutes passed by Congress, the Defendants arbitrarily and capriciously denied Plaintiff petition for SIJS classification.

## JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States. This case arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101–1537; the regulations implementing the INA; the APA, 5 U.S.C. §§ 551, 552, 553, 701–706; and the Due Process Clause of the Fifth Amendment.

4. This Court has additional remedial authority under 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 2201–2202 (declaratory relief), 5 U.S.C. §§ 701– 706 (APA), and Federal Rule of Civil Procedure 65 (injunctive relief).

## VENUE

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) in that Plaintiff may request a hearing on the matter in the district where Plaintiff reside. Plaintiff sue the Defendants in their official capacity as officers or employees of the United States or agencies thereof acting in their official capacities, no real property is involved, and a substantial part of the event giving rise to the claims occurred in this district.

## PARTIES

6. Plaintiff, Maninder Singh, ( "Maninder") is a native and citizen of India, who's application for SIJS classification was unlawfully denied by the Defendants.

7. Defendant Kristi Noem is the Secretary of the Department of Homeland Security, and this action is being brought against her in his official capacity.

8. Defendant Michael Borgan is the acting District Director New York City United States Citizenship & Immigration Services. office, and this action is brought against him in his official capacity.

9. Defendant Terri Robins is the Director of the National Benefit Center, and this action is being brought against her in her official capacity.

10. Defendant Susan Dibbins is Chief of the Administrative appeals Office, and this action is being brought against her in her official capacity.

## LEGAL BACKGROUND

11. In 1990, Congress amended the INA to establish SIJ status. *See* Immigration Act of 1990, Pub. L. No. 101-649, § 153,104 Stat. 4978. As originally enacted, SIJ classification was available to children in foster care in the United States. The statute defined "special immigrant" as: an immigrant (i) who has been declared dependent on a juvenile court located in the United States and has been deemed eligible by that com1 for long-term foster care, and (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence ...

12. In 1994, Congress expanded SIJ eligibility, adding immigrants "legally committed to, or placed under the custody of, an agency or department of a State." Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, § 219, 108 Stat. 4305, 4316. This increased the class of eligible children by adding children

deemed by a state juvenile court to be eligible for long-term foster care, but who were placed in a different state custodial arrangement.

11. In 1998, Congress again amended the definition of "special immigrant," adding two requirements: First, Congress required that the immigrant's eligibility for long-term foster care be "due to abuse, neglect, or abandonment." Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. L. No. 105-119, § 113, 111 Stat 2440. Second, for all special immigrant juveniles, Congress required that the Attorney General "expressly consent[] to the dependency order serving as a precondition to the grant of special immigrant juvenile status." *Id.* For immigrants "in the actual or constructive custody of the Attorney General"-that is, in the custody of the Immigration and Nationality Service (the predecessor agency to USCIS)-the Attorney General had to "specifically consent[}" to the jurisdiction of the juvenile court. *Id.*

12. The Conference Report explained that the amendment served "to limit the beneficiaries of this provision to those juveniles for whom it was created, namely abandoned, neglected, or abused children." H.R. Conf. Rep. No. 105-405, at 130 (1997), *as reprinted in* 1997 U.S.C.C.A.N. 2941, 2981. Specifically, the amendment addressed concerns about international students attending college in the United States obtaining SIJ status. "The conferees intend[ed] that" state juvenile courts, and *not* the Attorney General, would continue to "mak[e] determinations of dependency status." H.R. Conf. Rep. No. 105-405, at 130. Meanwhile, "the involvement of the Attorney General," that is, the consent requirement, was intended to ensure the statutory requirements were met such that the juvenile court order had been sought "for the purpose of obtaining relief from abuse or neglect." *Id.*

13. In 2008, Congress vastly expanded SIJ status when it unanimously passed the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), Pub. L. No. 110-457, § 235, 122 Stat. 5044; 154 Cong. Rec. Sl0,886-87 (daily ed. Dec. 10, 2008); 154 Cong. Rec. HI0,888-905 (daily ed. Dec. 10, 2008). The relevant provisions of the TVPRA-the requirements for SIJ eligibility in force today-are codified at 8 U.S.C.§§ 1101(a)(27)(J), 1232(d)(6).

14. Under the current law, the only requirements for SIJ eligibility are: (1) the immigrant must have been under 21 years old when the SIJ petition was filed and be unmarried; (2) a state juvenile court must have declared the immigrant dependent on the court, or have placed the immigrant in the custody of a state agency or individual appointed by such a com1; (3) a state juvenile court must have deemed the immigrant's reunification with one or both parents not viable due to abuse, abandonment, neglect, or some similar basis; and (4) a state juvenile court must have found that it is not in the immigrant's best interest to return to her home country.

15. 8 U.S.C. §§ 1101(a)(27)(J)(i)-(ii), 1101(b)(1), 1232(d)(6). Once an immigrant is found eligible, SIJ classification is subject to USCIS's consent. *Id.* § 1101(a)(27)(J)(iii). Among other benefits, SIJ status confers eligibility for lawful permanent resident status without regard to how the immigrant arrived in the United States. *See* 8 U.S.C. §§ 1153(b), 1255(a), (h)(l). Congress provided that the bars to adjustment of status that generally apply to immigrants who unlawfully enter the United States are statutorily inapplicable to those with SIJ status. *See* 8 U.S.C. § 1255(h

. 16. The statute does not require the predicate juvenile court findings to recite citations to state statutes. Moreover, it expressly conditions SIJ eligibility on state court

findings and does not preclude a state court from recognizing, as the New York Family Court did here, that if those findings are made, the immigrant child 'is eligible for SIJ status. 8 U.S.C. § 1101(a)(27)(J). Regarding the requisite dependency declaration, that statute merely states that an eligible immigrant is "an immigrant who is present in the United States-(i) who has been declared dependent on a juvenile court located in the United States ... and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law." 8 U.S.C. §110l(a)(27)(J)(i).

17. The New York Legislature has directed Family Court to "help protect children from injury or mistreatment" and to "safeguard their physical, mental, and emotional well-being." Family Court Act § 1011.

18. The Family Court's jurisdiction over children is typically exercised for individuals under the age of eighteen, its jurisdiction extends to children up to the age of twenty-one for several purposes. As relevant here, a 2008 amendment to the Family Court Act's guardianship provisions authorized Family Court to appoint a guardian for any "person who is less than twenty-one years old who consents to the appointment or continuation of a guardian after the age of eighteen," and expressly deems such a person to be an "infant or minor" subject to the jurisdiction of Family Court. Family Court Act § 661(a).

## STATEMENT OF FACTS

19. Plaintiff, Maninder Singh was born in India on Jun 6, 1994. The birth certificate was registered on June 30, 1994, at the office of Government of Punjab Health & Family Welfare Department Chief Registrar, Birth & Deaths, Punjab. The Chief Registrar of Birth and death in Punjab is responsible for registering vital events like birth and deaths.

20. On or about April 9, 2015, after obtaining the predicate orders from the Family Court Plaintiff, submitted his application for SIJS classification to USCIS.

21. On or about April 15, 2015, USCIS issued Notice of Intent to Deny ( NOID), on the bases that at the time the(i) that the order from the Family court does not cite state law, (ii) the Family Court did not have jurisdiction over the Plaintiff because at the time the Court made its determination, Plaintiff was not under the age of 21, and ( iii) questioning the Queens Family Court application of the state law.

22. April 15, 2015, NOID gave Plaintiff until May 10, 2020, to submit additional document. On May 5, Plaintiff attorney submitted a letter to USCIS asking for more time to submit additional evidence from India confirming Plaintiff's date of birth as being June 20, 1994. In her letter the attorney explained that due to the situation created by COVID, government offices in India were closed or not functioning with full staff and asked for more time. On December 20, 2020, USCIS denied Plaintiff's I-360, on the ground Plaintiff did not submit additional evidence.

23. Plaintiff filed a timely appeal. March 4, 2021, while his appeal was still pending with Administrative Appeals Office, ( "AAO"), Plaintiff submitted a birth certificate that is verifiable online, issued by Government of Punjab, Health and Family Welfare, Chief Registrar ( Birthe & Deah), Punjab, confirming Plaintiff's date of birth. The office of Government of Punjab, Health and Family Welfare, Chief Registrar is responsible for registering vital events like birth and deaths in Punjab. Plaintiff was born in Punjab.

24. On or October 12, 2022, the Defendants denied Plaintiff's application for SIJ classification, Form I-360, alleging Plaintiff has not established he was under the age of 21 when he filed his SIJ petition and hence not established eligibility for SIJ coalification.

25. Defendants unlawful denial of Plaintiff's application for SIJS-classification makes Plaintiff ineligible for the relief he was eligible and entitled to before he turned 21, pursuant to **8** USC § 1101**(**a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457**,** 122 U.S. Stat 5044) and *8 CFR 204.11.*

26. Plaintiff has exhausted his administrative remedies.  The decision rendered by the Defendants on October 12, 2022, is the final administrative decision on this matter. Since Maninder Singh has turned 21 years old , Defendants denial of his of his application for SIJS makes him ineligible for the relief he was eligible and entitled to before he turned 21, pursuant to 8 USC § 110**1(**a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 U.S. Stat 5044) and *8 CFR 204.11.*

COUNT ONE

27. Plaintiff repeat and incorporate by reference as if fully set forth herein, every allegation set contained in paragraphs 1 to 26.

28. The APA requires this Court to hold unlawful and set aside any agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2).

29.    Defendants' denial of Plaintiff's application for SIJS classification on the ground the petitions were filed when Plaintiff was over the age of 21, is contrary to the record and its own policy.  USCIS own policy and regulation refers to birth certificate to be best proof of age. Plaintiff birth certificate was registered with the appropriate office within 10 days of after the Plaintiff birth.  The most recent version of Plaintiff birth certificate, which is verifiable online,

verifies Plaintiff was born on June 20, 1994, xx days before he turned 21 and xx days before UCIS received his petitions.

### Count two

30. Plaintiffs repeat and incorporate by reference as if fully set forth herein, every allegation set contained in paragraphs 1 to 30 .

31. The APA requires this Court to hold unlawful and set aside any agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2).

32. Here, Defendants' denial of Plaintiffs SIJS is based on the failure to satisfy "requirements" that are not contained in the INA, which is the governing law. The eligibility requirements for SIJS classification do not include any requirement that the predicate state court determination include a technical citation to a specific provision of state law. Nor do the regulations. Yet the agency imposed just such a requirement here:

33. The Family Court has found of the Plaintiffs "dependent upon the Family Court" in accordance with the laws of the State of New York. Defendants rejected Plaintiffs SIJS petition because the state court "did not specify the state child welfare law that it applied in reaching" its dependency determination.

### COUNT THREE

34. Plaintiffs repeat and incorporate by reference as if fully set forth herein, every allegation set contained in paragraphs 1 to 62 .

35. The APA requires this Court to hold unlawful and set aside any agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B)

contrary to constitutional right, power, privilege, or immunity; [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2).

36. Here, Defendants acted arbitrarily, capriciously, and contrary to the law in violation of the Administrative Procedure Act by denying SIJS petition. In denying the SIJS to the Plaintiff, Defendants fails to defer to New York law, which has extended the age for guardianship to age 21. The SIJS Statute specifically reserves for the juvenile court the duty to make the required custody, dependency, or legal commitment determination; to find that the child cannot reunify with one or both parents due to abuse, neglect, abandonment, or a similar basis under state law; and to make the best-interest determination. 8 U.S.C. § 1101(a)(27)(J)(i), (ii). USCIS must defer to the state court's expertise in child welfare matters and to the state court's interpretation of its own law regarding its own jurisdiction. USCIS Policy Manual, Vol. 6, Part J, ch. 3.A.2 ("There is nothing in USCIS guidance that should be construed as instructing juvenile courts on how to apply their own state law. Juvenile courts should follow their state laws on issues such as when to exercise their authority, evidentiary standards, and due process.") (emphasis added) (A-22).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court assume jurisdiction over this matter;

Declare the denial of Plaintiff SIJS petition by Defendants was arbitrary, capricious, and contrary to the law;

Declare the denial of Plaintiff's SIJS petition by Defendants violates Due Process Clause of the Fifth Amendment.

Awarding Plaintiff's counsel reasonable attorney's fees and cost pursuant to the Equal Access to Justice Act, or any other applicable statue or regulation.

    Granting such other and further relief at law and in equity as it may deem to be necessary and proper.

Dated: March 20, 2025                 Respectfully submitted,
                                             Genet Getachew, Esq.

                                             _____

Genet Getachew
Attorney for the Plaintiff
26 Court Street, Suite 1212
Brooklyn, NY 11242
Tel: 718 694 9434
Fax; 718 246 9186
Getach7634@aol.com